﻿Citation Nr: AXXXXXXXX
Decision Date: 08/27/19 Archive Date: 08/26/19

DOCKET NO. 180912-1732
DATE: August 27, 2019

REMANDED

Entitlement to a rating in excess of 10 percent for degenerative changes of the medial meniscus of the left knee (previously patellofemoral syndrome with arthritis, left knee) is remanded.

Entitlement to a rating in excess of 10 percent for degenerative changes of the medial meniscus of the right knee (previously patellofemoral syndrome with arthritis, left knee) is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Marine Corps from March 1988 to September 1994. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program.

1. Entitlement to a rating in excess of 10 percent for degenerative changes of the medial meniscus of the left knee is remanded.

2. Entitlement to a rating in excess of 10 percent for degenerative changes of the medial meniscus of the right knee is remanded.

In April 2009, a Department of Veterans Affairs (VA) regional office (RO) recharacterized the Veteran’s service-connected patellofemoral syndrome to reflect degenerative changes in the meniscus of both knees and raised the disability rating from 10 percent to 30 percent for each knee. In October 2016, the RO proposed to reduce the rating of each knee from 30 percent to 10 percent, reflecting the results of a July 2015 routine VA knee and lower leg examination that showed improved range of motion in both knees. In January 2016, the RO took action to reduce the ratings for the Veteran’s knees from 30 percent to 10 percent.

The Veteran appealed, asserting that the July 2015 examination was inadequate. He stated that the examiner had manipulated his knees past the point of severe pain but took no actual range of motion measurements. In March 2016, the Veteran opted into RAMP and chose higher level review. In August 2018, that review resulted in a rating decision that continued the 10 percent rating for both knees. In September 2018, the Veteran perfected his appeal to the Board of Veterans’ Appeals (Board) under RAMP with a selection of direct review by the Board. 

The Board will remand to correct a duty to assist error that occurred prior to the August 2018 rating decision on appeal. When VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303 (2007). The Board notes several deficiencies in the July 2015 examination. The examiner did not offer an opinion on whether pain limited the functional ability of the knees after repeated use over time, arguing that such an evaluation would be speculative, including as to expected effects on range of motion. The Board notes that examiners are required to provide an opinion as to whether pain significantly limits functional ability after repeated use over time, as well as during flare-ups, and must express any such effect in terms of lost range of motion, if feasible. See Sharp v. Shulkin, 29 Vet. App. 26 (2017). The examiner must elicit information from the Veteran and from the record in order to render the opinion, and any inability to provide the required opinion must be based on lack of knowledge in the medical community, not solely in the examiner. Id. 

Given the above deficiencies, the Board finds that the July 2015 examination is incomplete and does not comply with the requirements of Sharp, and thus is inadequate for rating purposes. 

 The matters are REMANDED for the following action:

1. Undertake appropriate efforts to obtain any relevant outstanding VA and private medical records and associate them with the claims file. 

2. Thereafter, afford the Veteran a VA examination to assess the current severity of his right and left knee disabilities. The claims file must be provided to the examiner, who must note his or her review of the file. The examiner must obtain a detailed clinical history from the Veteran. All pertinent pathology found on examination must be noted in the report of the evaluation. Any testing deemed necessary must be performed. 

The examiner is asked to identify the symptoms and any impairments that currently result from the Veteran’s service-connected right and left knee disabilities and must discuss their functional effects.

The examiner is advised that testing of joints must include testing for impairment of function due to such factors as pain on motion, weakened movement, excess fatigability, diminished endurance, or incoordination. Range-of-motion testing for both knees should include both active and passive motion, motion in weight-bearing and non-weight-bearing, and, if possible, the range of motion of the opposite undamaged joint. 

The examiner must express an opinion on whether pain could significantly limit the Veteran’s functional ability, to include interference with employment, and that determination should, if feasible, be portrayed in terms of the degree of additional range-of-motion loss due to pain on use or during flare-ups. The examiner must attempt to elicit information directly from the Veteran as well as from the record regarding the severity, frequency, duration, and functional loss manifestations during flare-ups before determining that an estimate of motion loss in terms of degrees cannot be given. Any general inability to furnish such an estimate must be predicated on a lack of medical knowledge among the medical community at large, rather than insufficient knowledge by the individual examiner. 

The examiner is advised that the Veteran is competent to report history and symptoms and that those reports must be considered in formulating any requested opinion. If the examiner rejects the Veteran’s reports, the examiner must provide a rationale for doing so.

 

 

Caroline B. Fleming

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board David S. Katz, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.